J-A12002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| ADRIAN WHITE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTINE MALECKI | : | No. 1397 MDA 2023 |

Appeal from the Decree Entered September 19, 2023
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 202201852

BEFORE: PANELLA, P.J.E., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED: SEPTEMBER 9, 2024**

Adrian White ("Husband") appeals from the divorce decree entered in the Luzerne County Court of Common Pleas, which included equitable distribution of the parties' property and granted Christine Malecki's ("Wife") claim for alimony. After careful review, we affirm.

Husband and Wife married on August 22, 2015, and separated in December of 2019. The parties each have a child from prior relationships, and they have one child born of the marriage. Husband has custody of their child. Wife worked sporadically until the birth of their child. After the child was born, Wife worked briefly, but Wife has not worked since July of 2018 when the parties moved to Germany because Husband was in the United States' Army,

_____

[*] Former Justice specially assigned to the Superior Court.

stationed in Germany. Shortly after the move to Germany, Wife became very ill and subsequent medical treatment required amputation of her leg. In December of 2019, Wife decided she received better care in the United States, so she chose to return to the United States. Wife receives Social Security Disability, and it is unknown if Wife will be able to return to work in the future. She will need lifetime care for her medical condition.

Husband filed a complaint in divorce, and Wife filed an Answer and Counterclaim raising claims for equitable distribution, alimony, attorneys' fees and costs. The parties appeared before the Divorce Hearing Officer on January 23, 2023, for a hearing concerning equitable distribution and alimony. On February 8, 2023, the Hearing Officer filed a report and recommendation. In the report, the Hearing Officer recommended, in relevant part: Husband's Thrift Savings Plan ("TSP") be divided 70/30 in favor of Wife; the marital portion of Husband's Military Retire Pay be divided 50/50 and Husband elect the survivor benefit plan for Wife's 50% of the marital portion; the marital debt be divided 75/25, with Husband paying off the Discover credit card with a balance of $14,480.19 and Wife paying off the Navy FCU credit card with a balance of $4,990.55; and Wife be awarded alimony in the amount of $450 for 24 months.

Husband and Wife filed exceptions to the Hearing Officer's report. The trial court heard argument on the exceptions. At that time, counsel for both parties agreed that the trial court could decide the exceptions on the briefs

submitted by the parties. The trial court issued an order and opinion granting in part and denying in part Wife's exceptions and denying Husband's exceptions. The trial court adopted the Hearing Officer's recommendations regarding the equitable distribution of the parties' marital assets. However, the trial court found that the amount of alimony recommended was too low and ordered alimony in the amount of $750 a month for 5 years.

On September 19, 2023, the trial court entered a divorce decree. Husband filed a timely notice of appeal and complied with the trial court's order to file a Rule 1925(b) Statement. *See* Pa.R.A.P. 1925(b). Husband now raises the following claims on appeal:

1. Did the trial court commit an abuse of discretion and/or error of law in awarding alimony to [Wife] in the amount of seven hundred fifty dollars ($750.00) per month for sixty (60) consecutive months?

2. Did the trial court commit an abuse of discretion and/or error of law in upholding the Divorce Hearing Officer's recommendation that [Wife] be awarded seventy percent (70%) of the marital portion of [Husband's] Thrift Savings Plan ("TSP") plus any gains or losses on said 70% until date of distribution?

3. Did the trial court commit an abuse of discretion and/or error of law in upholding the Divorce Hearing Officer's recommendation that [Wife] be awarded fifty percent (50%) of the marital portion of [Husband's] Military Retired Pay by means of a deferred distribution, and that [Husband] elect the survivor benefit plan for [Wife's] award of 50% of the marital portion of [Husband's] Military Retired Pay?

4. Did the trial court commit an abuse of discretion and/or error of law in upholding the Divorce Hearing Officer's recommendation that [Husband] is responsible for paying off [Wife's] Discover [c]redit [c]ard ending in 2852 pursuant to the payment plan established by [Wife] with the credit card company?

Appellant's Brief, at 5.

First, Husband challenges the award of alimony.

> Our standard of review regarding questions pertaining to the award of alimony is whether the trial court abused its discretion. We have previously explained that the purpose of alimony is not to reward one party and to punish the other, but rather to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment are met. Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay. Moreover, alimony following a divorce is a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution award and development of an appropriate employable skill.

*Teodorski v. Teodorski*, 857 A.2d 194, 200 (Pa. Super. 2004) (quotation marks, citations and emphasis omitted). Furthermore:

> In determining whether alimony is necessary, and in determining the nature, amount, duration and manner of payment of alimony, the court must consider numerous factors including the parties' earnings and earning capacities, income sources, mental and physical conditions, contributions to the earning power of the other, educations, standard of living during the marriage, the contribution of a spouse as homemaker and the duration of the marriage.

*Id.* (citation omitted).

Husband argues the trial court erred in awarding alimony because the marriage was relatively short (4 years and 4 months), they only had a "basic standard of living[,]" and Husband has primary custody of their minor child. Appellant's Brief, at 13. The trial court found that alimony was necessary:

> The Hearing Officer weighed the factors in 23 Pa.C.S.[A.] § 3701 in arriving at her recommendation. The [c]ourt finds it

- 4 -

significant that [W]ife has been disabled since August 2018 which resulted from a serious and severe medical condition. While in Germany with her children and [H]usband she contracted double pneumonia, suffered sepsis and was in a coma for a period of time. While in Germany, she had an amputation of part of one leg. In January 2021, she had a second amputation of seven inches off the bone of that same leg. Wife has had several inpatient hospitalizations over the past several years, with the last one during the month before the hearing on January 23, 2023.

Wife's only source of income is Social Security Disability in the amount of $1,356.00. The Hearing Officer noted that Wife receives $514.00 in child support from the Father (not Husband) of her other child, who is twelve (12) years old. The point of this discussion is that Wife has not been able to work to earn income since August 2018. Her medical condition is serious and there does not appear to be any likelihood that she will be able to work for some time in the future.

Although the parties' marriage is one of a short duration, that does not prevent an award of alimony where there is a severe disability as in this case.

Trial Court Opinion, 9/19/23, at 3-4 (citations omitted).

Based on our review of the record, including the Hearing Officer's report and the trial court's opinion, we cannot hold that the trial court abused its discretion. The trial court considered the Hearing Officer's report that included all 17 of the factors provided in 23 Pa.C.S.A. § 3701(b). Specifically, the Hearing Officer noted in regards to the section 3701(b) factors:

1) that Husband earns approximately $4,500 twice a month, whereas Wife receives only $1,356 a month through Social Security Disability;

2) Husband is 39 years old and in good health, whereas Wife is 34 years old and disabled (Husband was 37 years old and Wife was 32 years old at the time of the report on February 8, 2023);

3) Husband has medical insurance through the Army, whereas Wife will lose her medical insurance when the divorce is entered and will need

to purchase medical insurance, and Husband has retirement benefits through the Army as he participates in both a TSP and Military Retire Pay plan, whereas Wife has no retirement savings;

4) neither party expects an inheritance;

5) the marriage was short term, only 4 years and 4 months;

6) neither party contributed to the education, training, or increased earning power of the other party;

7) in November of 2022, Husband was awarded primary physical custody of their minor child, however, "[n]either party addressed the extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child[;]"

8) the parties had a middle-class standard of living;

9) Wife is disabled and unable to work;

10) the parties have limited assets, but marital liability of $19,470.74;

11) neither party brought property into the marriage;

12) Wife was the primary homemaker;

13) Wife's expenses include her twelve-year-old son from a prior relationship although she does receive child support from the Father;

14) no evidence of misconduct by either party;

15) no evidence presented regarding tax ramifications;

16) neither party has any income producing property; and

17) Wife is disabled and incapable of self-support as her monthly expenses exceed her Social Security Disability payments.

*See* Divorce Hearing Officer's Report and Recommendation, 2/8/23, at 13-16.

Because Wife is disabled and there was no evidence of when she may be able

to return to work, we find that the trial court did not abuse its discretion in

awarding alimony to Wife, in light of her age and medical/physical condition, in the amount of $750 a month for 5 years.

Husband's remaining issues concern the equitable distribution of marital property and marital debt. Our scope and standard of review regarding equitable distribution is well-settled.

> Our standard of review in assessing the propriety of a marital property distribution is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence.
>
> In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.
>
> Moreover, it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence. We are also aware that a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties.
>
> In fashioning an equitable distribution award, the trial court must consider, at a minimum, the eleven factors set forth in 23 Pa.C.S.[A.] § 3502.

*Martin v. Martin*, --- A.3d ---, 2024 WL 3490541, at * 4 (Pa. Super. filed July 22, 2024) (case citations and quotation marks omitted). Furthermore,

> [i]n reviewing a trial court's distribution order, this Court will not engage in a factor-by-factor review of the trial court's rulings. Rather, we look at the distribution as a whole, in light of the court's overall application of the § 3502(a) factors for consideration in

awarding equitable distribution. If we fail to find an abuse of discretion, the order must stand.

***Id.*** at * 5.

First, Husband asserts the trial court erred in adopting the Hearing Officer's recommendation that Wife receive 70% of the marital portion of Husband's TSP. ***See*** Appellant's Brief, at 13-14. Husband claims that distribution of 70% "is not equitable … [because] that distribution would essentially deplete [Husband's] TSP." Appellant's Brief, at 14.

The trial court found that:

[t]he Hearing Officer explained in her [r]eport the reasons for the division of the [m]arital [p]roperty and [l]iabilities. The Hearing Officer found, with a basis in the record, that Husband in comparison to Wife has a greater opportunity to acquire capital assets and income; that Husband's income is significantly greater than Wife's income; Husband is on track for a promotion in one and one-half (1 ½) years which means a pay increase; that Wife is disabled, on a fixed income and has no retirement and receives medical insurance through the Army.[a] The [c]ourt affirms the findings of the Hearing Officer which explained in detail the reasons for her [r]ecommendation with regard to the division of [m]arital [p]roperty and [l]iabilities.

> [a] If Wife is not married to Husband she will lose her medical insurance and will require medical care the rest of her life.

Trial Court Opinion, 9/19/23, at 5 (record citations omitted). The Hearing Officer considered all eleven factors enumerated in section 3502(a) and found "the percentages and manner of division recommended as just considering all the factors in § 3502(a)." Trial Court Opinion, 9/19/23, at 5; ***see*** Divorce

Hearing Officer's Report and Recommendation, 2/8/23, at 6-11. We fail to discern an abuse of discretion.

Next, Husband contends the trial court erred in awarding 50% of the marital portion of his Military Retire Pay to Wife. *See* Appellant's Brief, at 14. Husband relies on the Uniformed Services Former Spouses' Protection Act, subsections 1408(c)(4)(C) and (d)(2) for his assertion that Wife is not entitled to any portion of his Military Retire Pay. *See id.* at 15-16; 10 U.S.C. § 1408(c)(4)(C), (d)(2). Specifically, Husband avers he never consented to the jurisdiction of the trial court so that the trial court could distribute his Military Retire Pay and he was not married to Wife for 10 years or more, making Wife ineligible to receive any percentage of his Military Retire Pay. *See id.* We disagree.

We will first address Husbands claim that he did not consent to the jurisdiction of the trial court. The relevant portion of 10 U.S.C. § 1408(c) provides:

> A court may not treat the disposable retired pay of a member [as property solely of the member or as property of the member and his spouse] unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.

10 U.S.C. § 1408(c)(4). Our Supreme Court has found that this reference to jurisdiction refers to personal jurisdiction. *See Wagner v. Wagner*, 768 A.2d

1112, 1119 (Pa. 2001). Notably, our Supreme Court found that the doctrine of waiver applies to subsection 1408(c)(4)(C). **See id.** As the Court held:

> The requirement of personal jurisdiction flows from the Due Process Clause and restricts judicial power as a matter of individual right. A party may insist that the right be observed or he may waive it. Personal jurisdiction, like other individual rights, is often the subject of procedural rules. Frequently, when the rules that govern personal jurisdiction are not followed, the right is lost. Thus, the failure to file a timely objection to personal jurisdiction constitutes, under the Federal Rules of Civil Procedure and comparable state rules, a waiver of the objection.
>
> These are time-honored rules. We can find nothing in the Act that would lead us to believe that the requirement of personal jurisdiction covered in § 1408(c)(4)(C) is not subject to them. Nor do we discern any intent on Congress' part to preclude the application of the doctrine of waiver to the statute.

**Id.** (citations omitted). Furthermore, "[i]t is well-settled that a party may either expressly or impliedly consent to a court's personal jurisdiction. In other words, a party may affirmatively state his consent or take such steps or seek such relief that manifest his submission to the court's jurisdiction over his person." **Id.** at 1120 (citations omitted).

At no point did Husband object to the trial court or Hearing Officer having jurisdiction over his Military Retire Pay. In fact, Husband was the one who entered his records regarding his Military Retire Pay into evidence. **See** N.T. Hearing, 1/23/23, at 21-22. Even after the Hearing Officer's report and recommendation, Husband did not object to the recommendation based upon jurisdiction or consent. **See** Plaintiff's Exceptions to Divorce Hearing Officer's Report and Recommendation, 2/24/23, at 1-2; Brief in Support of Plaintiff's

Exceptions, 3/7/23, at 4-5 (unpaginated). At no point did Husband raise the Uniformed Services Former Spouses' Protection Act below. Therefore, we find this claim waived for failure to present it to the trial court. *See* Pa.R.A.P. 302(a). Even if we were not to find waiver, we would find that Husband impliedly consented to the court having jurisdiction because he filed the complaint and admitted his records regarding his Military Retire Pay into evidence. *See Wagner*, 768 A.2d at 1120.

The same result is required for Husband's claim that subsection 1408(d)(2) mandates reversal of the trial court's equitable distribution of his Military Retire Pay. *See* Appellant's Brief, at 15. This claim was not raised with the trial court and is waived. *See* Pa.R.A.P. 302(a). Even if we were not to find waiver, Husband would not be entitled to relief as he misunderstands the scope of subsection 1408(d)(2). The relevant portion of section 1408(d) provides:

> **(d) Payments by Secretary concerned to (or for benefit of) spouse or former spouse.--(1)** After effective service on the Secretary concerned of a court order providing for the payment of child support or alimony or, with respect to a division of property, specifically providing for the payment of an amount of the disposable retired pay from a member to the spouse or a former spouse of the member, the Secretary shall make payments (subject to the limitations of this section) from the disposable retired pay of the member to the spouse or former spouse (or for the benefit of such spouse or former spouse to a State disbursement unit established pursuant to section 454B of the Social Security Act or other public payee designated by a State, in accordance with part D of title IV of the Social Security Act, as directed by court order, or as otherwise directed in accordance with such part D) in an amount sufficient to satisfy the amount of child support and alimony set forth in the court order and, with

- 11 -

respect to a division of property, in the amount of disposable retired pay specifically provided for in the court order. In the case of a spouse or former spouse who, pursuant to section 408(a)(3) of the Social Security Act (42 U.S.C. 608(a)(4)), assigns to a State the rights of the spouse or former spouse to receive support, the Secretary concerned may make the child support payments referred to in the preceding sentence to that State in amounts consistent with that assignment of rights. In the case of a member entitled to receive retired pay on the date of the effective service of the court order, such payments shall begin not later than 90 days after the date of effective service. In the case of a member not entitled to receive retired pay on the date of the effective service of the court order, such payments shall begin not later than 90 days after the date on which the member first becomes entitled to receive retired pay.

**(2)** If the spouse or former spouse to whom payments are to be made under this section was not married to the member for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired pay, payments may not be made under this section to the extent that they include an amount resulting from the treatment by the court under subsection (c) of disposable retired pay of the member as property of the member or property of the member and his spouse.

10 U.S.C. § 1408(d)(1)-(2). This clause merely governs the method of payment. *See Mansell v. Mansell*, 490 U.S. 581, 585 (1989) (noting the Act creates a limited direct payment mechanism, referencing subsection 1408(d)(2)); *Metzger v. Metzger*, 534 A.2d 1057, 1059 (Pa. Super. 1987) (holding that the ten-year provision does not bar spouse from receiving any portion of a Naval pension, it only modifies the method of payment). Therefore, even if not waived, this claim would not entitle Husband to relief.

Finally, Husband argues that the trial court erred in adopting the recommendation of the Hearing Officer that he pay off the Discover credit

card. *See* Appellant's Brief, at 16-17. Husband asserts it is inequitable to make him pay off the credit card because Wife testified that the debt was accrued solely by her. *See id.* at 17. Husband concedes that the debt was accrued during the marriage and is therefore marital debt. *See id.* at 16 (citing *Duff v. Duff*, 507 A.2d 371 (Pa. 1986)).

"We have long held debts incurred during marriage are marital debt, regardless of which party incurred them." *Goodwin v. Goodwin*, 244 A.3d 453, 462 (Pa. Super. 2020) (citations omitted). However, even though "a debt is characterized as marital is not necessarily determinative of which party is liable for its satisfaction." *Hicks v. Kubit*, 758 A.2d 202, 204 (Pa. Super. 2000). The decision of which party is responsible to pay the debt "is to be based on the circumstances surrounding the acquisition of the debt or asset, along with all other factors relevant to fashioning a just distribution." *Id.* at 205 (citing 23 Pa.C.S.A. § 3502).

The trial court "affirm[ed] the findings of the Hearing Officer which explained in detail the reasons for her [r]ecommendation with regard to the division of [m]arital [p]roperty and [l]iabilities." Trial Court Opinion, 9/19/23, at 5. The Hearing Officer evaluated all 11 factors under 23 Pa.C.S.A. § 3502(a) and found that the equitable division of marital debt requires Husband to pay off the Discover credit card. With regard to the current financial means of the parties, their employment (or lack thereof) and current ability to pay debt, Husband has not presented clear and convincing evidence showing an abuse

of the court's discretion. **See Martin**, 2024 WL 3490541, at * 4. We do not find the trial court abused its discretion in ordering Husband to pay off the Discover credit card.

Because we do not find the trial court abused its discretion in awarding alimony to Wife and in the distribution of marital assets and debt, we affirm.

Decree affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 9/9/2024